UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

BRENDA DAWN JUSTICE,

                Plaintiff,

           v.

UNITED STATES OF AMERICA, U.S. FEDERAL
MARSHALS, CITY OF NEW YORK, DETECTIVE
RICHARD KUHNAPFEL, ADMINISTRATION FOR
CHILDREN'S SERVICES, and STATE OF
MICHIGAN,

                Defendants.

-----------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-5451 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Brenda Justice, proceeding *pro se*, commenced the above-caption action on September 25, 2018, against Defendants United States of America, United States Marshals, City of New York, Detective Richard Kuhnapfel,[1] the Administration for Children's Services ("ACS"), and the State of Michigan, alleging that she was falsely arrested on October 15, 2012 in Brooklyn, New York, and that her son was wrongfully taken away from her by a United States Marshal.[2] (Compl., Docket Entry No. 1.) The Court grants Plaintiff's request to proceed *in*

---

[1] Although Detective Richard Kuhnapfel's name is spelled "Kupnapfel" in the Complaint, based on Plaintiff's filings in related actions, "Kuhnapfel," appears to be the correct spelling.

[2] In addition to the Complaint, Plaintiff filed a motion for recusal seeking the recusal of the Court and Magistrate Judge Robert M. Levy. (Mot. for Recusal, Docket Entry No. 4.) On December 10, 2018, Plaintiff filed a motion to withdraw her recusal motion. (Mot. to Withdraw Mot. for Recusal, Docket Entry No. 12.) The Court grants Plaintiff's motion to withdraw her recusal motion. The Court also notes that Plaintiff failed to present any factual allegations that the Court or Judge Levy has any "personal bias or prejudice," either against Plaintiff or in favor

*forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaint.

**I. Background**

Plaintiff alleges that on October 15, 2012, she and her son, were "illegally removed" from her home by United States Marshals who furnished a "fraudulent arrest report" in violation of her Fourth Amendment rights. (Compl. 9.)[3] On November 27, 2012, Plaintiff commenced an action in the Southern District of New York against the City of New York, Richard Kuhnapfel, Ray Kelly, Officer Haro, Officer Bloom, Lil Beal, Judge Boyare, Judge M. Armstrong, and the New York City Law Department (the "November 2012 Action"). (Compl., *Justice v. Kuhnapfel*,

---

of any adverse party. *See* 28 U.S.C. § 144 (stating that a party may request the removal of a district court judge from a pending matter where the judge "has a personal bias or prejudice either against him or in favor of any adverse party," provided the party sufficiently states "the facts and the reasons for the belief that bias or prejudice exists"). Thus, Plaintiff has failed to provide any basis for an "objective disinterested observer" to entertain doubt about the impartiality of the Court or Judge Levy. *See El Omari v. Kreab (USA) Inc.*, 735 F. App'x 30, 31 (2d Cir. 2018) (noting that when considering whether to recuse itself from a case, a court must consider whether "an objective, disinterested observer fully informed of the underlying facts[] would entertain significant doubt that justice would be done absent recusal." (quoting *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000))).

     Plaintiff has also filed several additional documents containing information regarding, among other things, the alleged facts underlying Plaintiff's October 15, 2012 arrest. (*See, e.g.*, Letter dated Dec. 13, 2018, Docket Entry No. 13; Notice of Mot., Docket Entry No. 15; Aff. of Fact, Docket Entry No. 16; Aff. of Fact & Mot. Regarding Waiver, Docket Entry No. 18; Aff. of Fact, Docket Entry No. 20; Notice of Mot. for Immediate Hearing, Docket Entry 19.) The Court considers the additional relevant facts contained in these filings to ascertain the nature of Plaintiff's claims and assumes their truth for the purposes of this Memorandum and Order. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (finding that district courts may consider factual allegations made by a *pro se* party in her papers opposing a motion to dismiss); *see also Trisvan v. Heyman*, 305 F. Supp. 3d 381, 389 (E.D.N.Y. 2018) (same); *Waters v. Douglas*, No. 12-CV-1910, 2012 WL 5834919, at *2 (S.D.N.Y. Nov. 14, 2012) ("[I]n light of the plaintiff's *pro se* status, the [c]ourt has considered all of plaintiff's submissions, drawing every reasonable inference in his favor.").

    [3] Because the Complaint and the attached exhibits are not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

No. 13-CV-3696, (E.D.N.Y. Nov. 27, 2012), Docket Entry No. 2.) Plaintiff alleged that she was "wrongfully incarcerated, [and her] son ha[d] been taken [and] never returned." (*Id*.) Plaintiff filed an Amended Complaint on January 2, 2013. (Am. Compl., *Justice v. Kuhnapfel*, No. 13-CV-3696, (E.D.N.Y. Jan. 2, 2013), Docket Entry No. 10.)

On February 1, 2013, while the November 2012 Action was pending in the Southern District of New York, Plaintiff commenced an action before this Court alleging deprivation of her son's Fourth amendment rights, kidnapping, malicious prosecution, and false imprisonment of a child (the "February 2013 Action"). (Compl., *Justice v. Kuhnapfel*, No. 13-CV-659, (E.D.N.Y. Feb. 1, 2013), Docket Entry No. 1.)

By Order dated June 27, 2013, District Judge J. Paul Oetken dismissed with prejudice Plaintiff's claims against Beal, Boyare, and Armstrong in the November 2012 Action, and transferred to this Court Plaintiff's claims against Bloom, Haro, and Kuhnapfel as duplicative of Plaintiff's February 2013 Action.[4] (Order dated June 27, 2013, *Justice v. Kuhnapfel*, No. 13-CV-3696, (E.D.N.Y. June 27, 2013), Docket Entry No. 15.)

On May 29, 2014, the Court dismissed the February 2013 Action finding that Plaintiff's arrest was executed pursuant to a valid arrest warrant. *Justice v. Kuhnapfel*, No. 13-CV-659, 2014 WL 2434139, at *6 (E.D.N.Y. May 29, 2014). On July 25, 2014, the Court dismissed the November 2012 Action as barred by *res judicata*. *Justice v. Kuhnapfel*, No. 13-CV-3696, 2014 WL 3734502, at *2 (E.D.N.Y. July 25, 2014).

---

[4] On July 12, 2013, Plaintiff filed another action challenging her arrest and the removal of her son (the "July 2013 Action"). (Compl., *Justice v City of New York*, No. 13-CV-4016, (E.D.N.Y. July 12, 2013), Docket Entry No. 1.) On August 27, 2013, the Court dismissed the Complaint as duplicative, *Justice v. City of New York*, No. 13-CV-4016, 2013 WL 4525699, at *3 (E.D.N.Y. Aug. 27, 2013), and on July 27, 2015, denied Plaintiff's motion for reconsideration, *Justice v. City of New York*, No. 13-CV-4016, 2015 WL 4523154, at *1 (E.D.N.Y. July 27, 2015).

3

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, a court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Plaintiff's application for injunctive relief

On December 13, 2018, Plaintiff filed a letter requesting injunctive relief. (Mot. for Injunction, Docket Entry 14.) In her request, Plaintiff states that the State of Michigan and Michigan State Court "keep threatening to kidnap [her] with their claim of [a] fraudulent warrant." (*Id.*)

A temporary restraining order, like a preliminary injunction, is an extraordinary remedy that will not be granted lightly. *See Borey v. National Union Fire Ins. Co.*, 934 F.2d 30, 33 (2d

4

Cir. 1991). To obtain a temporary restraining order, Plaintiff must show "a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in [plaintiff's] favor, and that an injunction is in the public interest." *See Am. Civil Liberties Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015) (citing *Winter v. NRDC*, 555 U.S. 7, 20 (2008)). A plaintiff may also obtain a temporary restraining order by showing, in the alternative, "irreparable harm and either a likelihood of success on the merits or 'sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward [plaintiffs].'" *Clapper*, 785 F.3d at 825 (quoting *Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.*, 696 F.3d 206, 215 (2d Cir. 2012)).

Plaintiff has not provided sufficient information to support her application for a temporary restraining order. The Court therefore denies Plaintiff's application.

    **c.   Plaintiff's application for the issuance of a subpoena**

In addition, Plaintiff has also filed a motion to subpoena Judge Michelle A. Armstrong, United States Marshal Greg Holmes, "detective brooklyn warrant squad," and other unnamed United States Marshals. (Mot. to Subpoena Witness, Docket Entry No. 17.)

"Courts apply a flexible standard of reasonableness and good cause when considering whether to grant a motion for expedited discovery . . . ." *Strike 3 Holdings, LLC v. Doe*, No. 18-CV-5586, 2018 WL 5818100, at *1 (S.D.N.Y. Oct. 15, 2018) (internal quotation marks and citation omitted); *see also Pietsch v. Police Officer Vito Marcantonio*, No. 13-CV-4696, 2016 WL 1069656, at *4 (E.D.N.Y. Mar. 16, 2016) ("When presented with requests for expedited discovery . . . district courts in [the Second] Circuit have considered a variety of reasonableness-based tests." (internal quotation marks and citation omitted)). "This reasonableness test requires the party seeking the discovery to prove that the requests are reasonable under the circumstances." *N. Atl. Operating Co. v. Evergreen Distribs., LLC*, 293 F.R.D. 363, 367

(E.D.N.Y. 2013) (citing *KeyBank, Nat. Ass'n v. Quality Payroll Sys., Inc.*, No. 06-CV-3013, 2006 WL 1720461, at *4 (E.D.N.Y. June 22, 2006)).

Plaintiff has failed to provide any basis for the Court to conclude that her request is reasonable under the circumstances. Accordingly, Plaintiff's request for expedited discovery is denied.

### d. Plaintiff's action is barred by *res judicata*

The claims Plaintiff raises in the Complaint were previously raised and dismissed in prior actions before the Court and are therefore barred by *res judicata*.

"The related doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) are meant to protect parties from having to relitigate identical claims or issues and to promote judicial economy." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 731 (2d Cir. 1998). *Res judicata* bars subsequent litigation if: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018) (quoting *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 285 (2d Cir. 2000)). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999).

In the February 2013 Action, the Court adjudicated the merits of Plaintiff's false arrest claims against Kuhnapfel and found that Plaintiff was arrested pursuant to a valid warrant issued by the State of Michigan. *See Kuhnapfel*, 2014 WL 2434139, at *4 (dismissing Plaintiff's false arrest claim on the merits). This finding constitutes a final judgment on the merits. *See Excell v. City of New York*, No. 12-CV-2874, 2012 WL 2675013, at *3 (E.D.N.Y. July 5, 2012)

(dismissing the plaintiff's false arrest, malicious abuse of process, intentional infliction of emotional distress, assault, battery, and conspiracy claims as barred by *res judicata* because the claims were adjudicated on the merits). In the July 2013 Action, the Court dismissed Plaintiff's claims against the United States Marshals and the United States as duplicative of Plaintiff's claims in the February 2013 Action. *See Justice*, 2013 WL 4525699, at *3. The Court also adjudicated the merits of Plaintiff's claims against the City of New York and the NYPD by dismissing the claims for failure to state a claim. *Id.*; *see Bryant v. United States*, 71 F. Supp. 2d 233, 237 (S.D.N.Y. Sept. 14, 1999) ("Dismissal for failure to state a claim for which relief can be granted is a final judgment on the merits.").

Although Plaintiff has sought to extend her claims to ACS and the State of Michigan, these parties are in privity with the other named Defendants, and her claims against ACS and the State of Michigan are therefore also barred by *res judicata*.[5]

Privity between parties includes "those who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and possibly co-parties to a prior action." *De Masi v. Country Wide Home Loans*, 481 F. App'x 644, 646 (2d Cir. 2012) (citation omitted). "It is well settled in this circuit that literal privity is not a requirement for *res judicata* to apply." *Monahan*, 214 F.3d at 285.

Plaintiff's theory of liability requires a finding of privity. Plaintiff alleges that all Defendants, including ACS and the State of Michigan, took part in her arrest on October 15, 2012 in Brooklyn, New York, and "illegally" removed her son. (*See generally* Compl.) Plaintiff's claims against Defendants ACS and the State of Michigan are identical to the claims

---

[5] Plaintiff lists Defendants ACS and the State of Michigan as named Defendants in the action but does not explicitly name them in her Complaint. Thus, Plaintiff fails to allege facts sufficient to state a claim against them.

already adjudicated — *i.e.*, a challenge to the validity of the warrant for her arrest — therefore, ACS and the State of Michigan are in privity with the United States Marshals, the United States, the City of New York, and Kuhnapfel. *See MacKay v. Crews*, No. 09-CV-2218, 2009 WL 5062119, at *12 (E.D.N.Y. Dec. 16, 2009) ("[A]ttempt to add additional allegations/claims . . . or other defendants who are in privity with the defendants [,] would be futile because res judicata . . . would bar all . . . claims which are simply designed to re-package issues or claims that were litigated, or could have been litigated" in the prior action."). Accordingly, Plaintiff's claims against ACS and the State of Michigan are also barred by *res judicata*.

### III. Conclusion

For the foregoing reasons, the Court dismisses the Complaint. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court shall enter judgment and close this case.

Dated: February 26, 2019
       Brooklyn, New York

                                        SO ORDERED:

                                        _____s/ MKB_____
                                        MARGO K. BRODIE
                                        United States District Judge